IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

DEBRA MAXWELL, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
BINGLEY SMITH,

        Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION
        Defendant.
_____/

## COMPLAINT

**DEBRA MAXWELL**, as personal representative of THE ESTATE OF BINGLEY SMITH, Plaintiff herein, files this Complaint against **COSTCO WHOLESALE CORPORATION**. (Herein "Defendant") and alleges:

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs, brought pursuant to the Florida Wrongful Death Act, Florida Statutes §§ 768.16 - .26.

### PARTIES

2. At all times material hereto, Plaintiff, **DEBRA MAXWELL**, has been appointed and will be the Personal Representative of the Estate of Bingley Smith, deceased. The Estate was open in Martin County, Florida.

3. At all time material hereto, Plaintiff, Debra Maxwell, was an individual living in Martin County, Florida.

4. At all time material hereto, the following are survivors and beneficiaries of a recovery for the wrongful death of Bingley Smith:

    a. Debra Maxwell, daughter of Bingley Smith, age 67,

    b. Patrick Forest Smith, son of Bingley Smith, age 65,

    c. The Estate of Bingley Smith.

5. At all times material, Defendant, **COSTCO WHOLESALE CORPORATION**, was a corporation with a principal place of business located at 4901 Gate Parkway, Jacksonville, Duval County, Florida.

## JURISDICTIONAL STATEMENT

6. This action is a matter within the jurisdiction of the court in accordance with Section 26.012(2)(a) of the Florida Statutes.

## VENUE

7. Venue in Duval County, Florida is proper in this action under Section 47.011 of the Florida Statutes because the negligence giving rise to this action occurred in this county.

## FACTS IN SUPPORT OF CLAIMS

8. At all times material hereto, Defendant, operated a business at 4901 Gate Parkway, Jacksonville, Florida which is held open to the public.

9. During the course of regular business Defendant provides for the use of motorized shopping carts by customers.

10. On or about October 8, 2017 Bingley Smith, Plaintiff's decedent, was a business invitee at the Costco East Jacksonville Warehouse located at 4901 Gate Parkway, Jacksonville, Florida.

11. Mr. Smith exited the store, in a motorized shopping cart, belonging to Defendant.

12. As Mr. Smith approached his son's car a Costco employee approached him and asked if he could assist in returning the motorized cart.

13. This exchange prompted Mr. Smith to get out of the chair on the cart about six feet from his son's vehicle.

14. When Mr. Smith stood up he was assisted by the Costco employee, however, he also attempted to use the basket attached to the cart to balance him, the basket was loose and not securely attached to the cart.

15. The unstable basket caused Mr. Smith to fall.

16. Mr. Smith fell and fractured his pelvis.

17. He was taken to the emergency room and admitted.

18. Within twenty-four hours of the incident at Costco Mr. Smith died of complications resulting from the fall.

## COUNT I - NEGLIGENCE — WRONGFUL DEATH

19. Plaintiff, Debra Maxwell, as Personal Representative of the Estate of Bingley Smith, realleges and reaffirms the allegations contained in paragraphs 1 through 18 above, and further alleges:

20. Defendant owed its business invitees the highest degree of care to properly equip, maintain and operate the motorized shopping carts offered for use to the public including but not limited to all the moving and nonmoving parts of the motorized carts.

21. Defendant further owed business invitees a duty to hire and properly train qualified staff of operation of motorized shopping carts and the proper method for helping someone out of one.

22. Defendant, breached its duty in one or more of the following respects:

    a. Negligent failure to use reasonable care in hiring or training when entrusting inexperienced and/or careless employees to assist someone out of a motorized shopping cart.

    b. Negligent failure to properly supervise, instruct, and/or train employees on the safe ways to assist someone using a motorized shopping cart.

    c. Negligent failure to properly maintain motorized shopping carts so that they are adequate and safe for business invitees using them, including making sure the baskets are fully fastened to the carts.

    d. In other and further ways that will be proved at trial

23. The acts or omissions of Defendant, as aforesaid, were a direct, proximate, and legal cause of the incident which occurred on October 7, 2017, which resulted in the death of Bingley Smith.

24. As a further and direct proximate result of the negligence of Defendant, the Estate of Bingley Smith has incurred funeral and burial expenses, and suffered the loss of future earnings and net accumulations, including future pensions and retirement benefits. The children of Bingley Smith have suffered damages including loss of support and services, companionship, comfort, attention, as well as mental anguish, pain and suffering.

## DEMAND FOR JURY TRIAL

WHEREFORE Plaintiff requests judgment against Defendant for damages together with the costs of this suit and demands a jury trial on all issues so triable and such further relief this

Court deems proper.

                        **FENDERSON LAW FIRM**

                        *[signature]*

                        **AMANDA ANDERSON BRIGHT, ESQUIRE**
                        **Florida Bar Number: 98861**
                        135 SE 5th Avenue
                        Suite 200
                        Delray Beach, Florida 33483
                        Telephone: (904) 674-0007
                        Fax: (904) 674-0070
                        E-Mail: attorneys@fendersonlaw.com
                        Secondary E-Mail: abright@fendersonlaw.com
                        *Attorney for Plaintiff*

Filing # 96768700 E-Filed 10/04/2019 01:44:11 PM

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT,
IN AND FOR MARTIN COUNTY, FLORIDA

IN RE: **THE ESTATE OF**  PROBATE DIVISION

**BINGLEY SMITH,**  File Number: 43-2019-CP-000729

Deceased.  Division: Probate
_____/

### ORDER APPOINTING PERSONAL REPRESENTATIVE

On the petition of Debra A. Maxwell, for administration of the estate of Bingley Smith ("Decedent"), deceased, the Court finding that the Decedent died on October 9, 2017 and that Debra A. Maxwell is entitled to appointment as personal representative by reason that she is the daughter of Decedent and all other beneficiaries of the estate have consented to her appointment. It is therefore,

**ORDERED and ADJUDGED** that Debra A. Maxwell be appointed personal representative of the estate of Decedent, and that upon taking the prescribed oath, filing designation and acceptance of resident agent, and entering into bond in the sum of $0.00, Letters of Administration shall be issued.

**DONE and ORDERED** on this 4th day of October 2019.

_____
CIRCUIT JUDGE

Filing # 96768700 E-Filed 10/04/2019 01:44:11 PM

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT,
IN AND FOR MARTIN COUNTY, FLORIDA

IN RE: **THE ESTATE OF**　　　　　　　　　　PROBATE DIVISION

　　　　**BINGLEY SMITH,**　　　　　　　　　File Number: 43-2019-CP-000729

　　　　Deceased.　　　　　　　　　　　　　Division:　Probate
_____/

## Letters of Administration

TO ALL WHOM IT MAY CONCERN:

**WHEREAS**, Bingley Smith ("Decedent"), a resident of Martin County, Florida, died on October 9, 2017, owning assets in the State of Florida, and

**WHEREAS**, Debra A. Maxwell has been appointed personal representative of the estate of Decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

**NOW, THEREFORE,** I, the undersigned Circuit Judge, declare Debra A. Maxwell duly qualified under the laws of the State of Florida to act as personal representative of the estate of Bingley Smith, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of Decedent; to pay the debts of Decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

**DONE and ORDERED** on this 4th day of October 2019.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**Circuit Judge**